IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 2:11-CR-04-TJW |
| | § | |
| TIMOTHY J. PATTON (01) and | § | |
| DAWN G. PATTON (02), | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is what the Court has construed as Defendants Timothy James Patton's ("Mr. Patton") and Dawn Grace Patton's ("Mrs. Patton") motion for new trial based on the exclusion of the testimony of Robert James Fox ("Mr. Fox") (Dkt. No.s 64, 65, 66, and 67).[1] For the reasons discussed below, Defendants' motion for new trial is DENIED.

### I.    Factual and Procedural Background

On July 7, 2011, after a two-day trial, a jury convicted both Timothy J. Patton and Dawn G. Patton of one count each of conspiracy to attempt to evade federal taxes pursuant to 18 U.S.C. § 371 and five counts each of attempt to evade federal income taxes pursuant to 26 U.S.C. § 7201.[2]  The Defendants failed to obtain counsel, despite a continuance of the trial at their request.[3]  The Defendants also failed to complete the required financial affidavits to prove indigency and have counsel appointed, despite the fact that the necessary affidavits were

---

[1] *See* Order Dated August 25, 2011, Dkt. No. 70 (construing Dkt. Nos. 64, 65, 66, and 67 as a motion for new trial as to each defendant with supporting affidavits).  Additionally, Defendants filed  a "Second Administrative Notice and Demand As Presented by Affidavit of Amicus Curiae Robert James Fox" on September 13, 2011.  *See* Dkt. No. 78. The Court construes this filing as an additional affidavit in support of the Defendants' motion for new trial.
[2] *See* Jury Verdict, Dkt. No. 58.
[3] *See* Order Dated June 3, 2011, Dkt. No. 20 (Granting the Defendants' first motion to continue the trial); Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 12:5-17, (Defendants indicated that they were not ready to proceed because they had still not retained counsel.  The Court declined to postpone the trial for a second time, finding that the Defendants were using their failure to obtain counsel as a dilatory tactic).

1

provided to them by the Court.[4] Finally, the Defendants repeatedly refused the Court's offers to appoint stand-by counsel despite the fact that the Court had competent counsel present and willing to act as stand-by counsel before jury selection.[5] Instead, the Defendants requested that they be allowed to have a non-attorney, Mr. Fox, represent them at trial.[6] The Court refused to allow Mr. Fox to act as Defendants' counsel at trial because the Court was aware that Mr. Fox is not a licensed attorney.[7] Accordingly, the Defendants represented themselves at trial.

Jury selection took place on July 5, 2011, and the trial commenced on July 6, 2011. On July 7, 2011, during the presentation of their case-in-chief, Defendants called Mr. Fox to testify. Because Mr. Fox refused to swear or affirm that he would testify truthfully, the Court declined to allow Mr. Fox to testify.[8] Neither defendant objected to the Courts' ruling at that time. Additionally, neither defendant made an offer of proof as to the expected substance of the excluded testimony of Mr. Fox.

---

[4] *See* Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 18:17-14 (Mr. Patton indicated in response to a question from the Court that he would "consider the possibility" of filling out the necessary paperwork to prove indigency and have counsel appointed); Audio Tape of Final Pre-Trial Hearing before Voir Dire, July 5, 2011 (Defendants objected to the fact that they did not have assistance of counsel. The Court reminded them of the conversation at the last pre-trial hearing where the Court made it clear that to have counsel appointed, they would need to fill out the financial affidavits swearing to their indigency. The Court then asked the Defendants whether they had completed the financial affidavits. Mr. Patton stated: "We are not necessarily indigent, and no I didn't."); see also Order Dated July 5, 2011, Dkt. No. 49 at 1 n.1.

[5] *See* Transcript of Pretrial Hearing on June 1, 2011, Dkt. No. 24 at 13:4-14:5 and 17:22-18:13 (both Defendants objected to the Court's attempt to appoint stand-by counsel and stated on the record that they did not want stand-by counsel despite the Court's strong recommendation that they accept stand-by counsel, stating : "we would proceed into the case being unrepresented" and "representation is for the corporation"); Transcript of Pretrial Hearing on June 16, 2011, Dkt. No. 37 at 13:12-14:6 (Defendants stated that they did not want counsel appointed and intended to retain their own counsel); Audio Tape of Final Pre-Trial Hearing before Voir Dire, July 5, 2011 (In addressing the Defendants' request that they have an "English interpreter" appointed, the Court offered to appoint stand-by counsel for each Defendant. "The Court has available two lawyers—at least two lawyers—that the Court will appoint as stand-by counsel, who are well known to the Court that are qualified to appear and practice in the United States District Court for the Eastern District of Texas. Do you want me to appoint stand-by counsel, or do you not?" The Defendants again refused the appointment of stand-by counsel); *See also* Order Dated July 5, 2011, Dkt. No. 49 at 1-3 (memorializing the Court's rulings at the hearing on July 5, 2011).

[6] *See* Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 13:17-16:2 (Defendants requested that Mr. Fox be allowed to serve as their counsel, and the Court declined because Mr. Fox is not a licensed attorney).

[7] *Id..*

[8] See Transcript of Excerpt from the Jury Trial on July 7, 2011 at 10:15 a.m., Dkt. No. 59 at 2:2-3:2.

On August 19, 2011, more than six weeks after their conviction, Defendants filed a series of "Affidavits": "Administrative Notice and Demand Presented by Affidavit of Amicus Curiae Robert James Fox";[9] "Denial of Witness Robert James Fox as Presented by Affidavit of Timothy John Patton";[10] "Denial of Witness Robert James Fox as Presented By Affidavit of Dawn Grace Patton";[11] and "Denial of Witness Robert James Fox as Presented by Affidavit of Jessica Dawn Jones".[12] These filings complain of the Court's refusal to allow Mr. Fox to testify at trial, but they do not provide any information regarding the substance of the excluded testimony. In its Order dated August 25, 2011, the Court construed these filings as a motion for new trial as to each defendant based on the Court's exclusion of the testimony of Mr. Fox, with supporting affidavits.[13] The Court also informed the Defendants in two separate Orders that it would hold a hearing on what the Court construed as Defendants' Motion for New Trial on September 13, 2011, and that the Court would allow Defendants to make an offer of proof as to the substance of the excluded testimony of Mr. Fox at that time.[14] The Government filed its response on August 31, 2011.[15]

The Court held the hearing on the Defendants' motion for new trial on September 13, 2011. Despite the fact that Mr. Fox was on the Courthouse premises shortly before the hearing,

---

[9] Dkt. No. 64.
[10] Dkt. No. 65
[11] Dkt. No. 66.
[12] Dkt. No. 67.
[13] Dkt. No. 70.
[14] *See* Order Dated August 25, 2011, Dkt. No. 70 ("The Defendants are directed that, should they wish to provide an offer of proof as to the substance of the excluded testimony of Robert James Fox in order to preserve their right to appeal, they should subpoena Mr. Fox and have him present at the hearing on the motions for new trial"); Order Dated September 8, 2011, Dkt. No. 77 ("Defendants will also be allowed to present the testimony of Robert James Fox at the hearing, should they wish to provide any additional testimony of Mr. Fox not covered by his affidavit. As explained in the Court's previous order, should Defendants wish to make an offer of proof as to the substance of the excluded testimony of Mr. Fox, they should subpoena Mr. Fox and have him present at the hearing on September 13, 2011.").
[15] Dkt. No. 71.

the Defendants chose not to have Mr. Fox attend the hearing and not to make an offer of proof as to the substance of the testimony Mr. Fox would have given at trial.[16]  At the hearing, Defendants also objected to having the Affidavits filed on August 19, 2011, construed by the Court as a motion for new trial.[17]  Defendants then stated on the record that they had not filed a motion for new trial and did not want the Court to construe the "Affidavits" filed on August 19, 2011 as a motion for new trial.[18]  However, after this statement, the Defendants continued to argue that the exclusion of Mr. Fox's testimony was error and that their convictions should be overturned.  Additionally, the Defendants argued that the Court did not have jurisdiction over the proceedings and that they were denied their Sixth Amendment right to assistance of counsel at trial.

## II.    Discussion

Despite the fact that the Defendants objected to the Court construing their filings on August 19, 2011[19] as a motion for new trial with supporting affidavits and specifically stated that they had not filed a motion for new trial, the Court sees no way to address the arguments made in the various filings and at the hearing on September 13, 2011, without construing them as a motion for new trial with supporting affidavits.  Defendants argued at the hearing that the Court's exclusion of the testimony of Mr. Fox, if error, could only be remedied by overturning their conviction and dismissing the charges against them with prejudice, arguing that it would be unconstitutional to retry them.  This appears to be the basis for Defendants' objection to the

---

[16] *See* Audio Tape of Hearing on September 13, 2011 (Defendants acknowledge that Mr. Fox was present on the Courthouse premises before the hearing but that they chose, for strategic reasons, not to have Mr. Fox testify at the hearing to make an offer of proof).
[17] See Audio Tape of Hearing on September 13, 2011.
[18] *Id.*
[19] Dkt. Nos. 64, 65, 66, and 67.

Court treating the filings of August 19, 2011 as a motion for new trial with supporting affidavits. According to Defendants, there is no legal mechanism for retrying them and, if they prevail on their legal arguments regarding the exclusion of Mr. Fox's testimony, the Court must dismiss the charges against them with prejudice. Defendants' contention is wholly without merit. If the Court erred in excluding the testimony of Mr. Fox, the only remedy available to Defendants is through a motion for new trial. *See* FED. R. CRIM. P. 33 ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."); *see, e.g., also United States v. Riddle*, 103 f.3d 423, 425 (5th Cir. 1997) (finding exclusion of evidence was not harmless error and granting new trial). Accordingly, the Court overrules Defendants' objections, will construe the filings on August 19, 2011 a motion for new trial with supporting affidavits and will address each of the arguments made in the filings and at the hearing below.

## A. Jurisdiction

The Court will first address Defendants' argument that the Court does not have jurisdiction over them. The district courts of the United States "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. The Pattons were convicted of such an offense—namely, conspiracy to attempt to defraud the United States in violation of 18 U.S.C. § 371. Congress obviously had authority to enact the statute relevant here. Further, the object of the Pattons' conspiracy was to evade or defeat federal taxes. The United States Constitution gives Congress "the power to lay and collect taxes, duties, imposts and excises," U.S. Const. art. I, § 8, cl. 1, including "taxes on incomes, from whatever source derived, without apportionment among the several States, and without

regard to any census or enumeration," U.S. Const. amend. XVI.  The Constitution further gives

Congress the power "to make all laws which shall be necessary and proper for carrying into

execution" its powers, U.S. Const. art. I, § 8, cl. 18, including the power to criminalize tax

evasion and the conspiracy to evade taxes.  Accordingly, there is no question that this Court has

jurisdiction over the prosecution of the Pattons for conspiracy to evade taxes, including hearing

any post-trial motions.  *See United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (holding

that federal district courts have jurisdiction over Title 26 tax evasion offenses by reason of its

original jurisdiction over offenses against laws of the United States); *see also United States v.

Drachenberg*, 623 F.3d 122, 124 (2nd Cir. 2010) (rejecting argument that federal court did not

have jurisdiction to adjudicate criminal tax evasion case); *United States v. Cooper*, 170 F.3d 691,

691 (7th Cir.1999) (same); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir.1994) ("Efforts to

argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been

rejected as either 'silly' or 'frivolous' by a myriad of courts throughout the nation.... [I]t defies

credulity to argue that the district court lacked jurisdiction to adjudicate the government's case

against defendant." (citation omitted)).

## B.  The Motion for New Trial on Excluded Testimony of Mr. Fox

Having determined that the Court has jurisdiction over the prosecution of the Defendants

and the Defendants' motion for new trial, the Court will now consider the substantive arguments

made by the Defendants in their motion for new trial.  Even assuming that the Defendants'

interpretation of *Ferguson v. Commissioner of Internal Revenue*, 921 F.2d 588 (5th Cir. 1991)

controls, Defendants' motion for new trial fails for several reasons.

### 1.  Not Timely

First, Defendants' motion for new trial fails because is not timely. Federal Rule of Criminal Procedure 33(b)(2) states that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. P. 33(b)(2). However, at the hearing on the motion for new trial, Defendants argued that the 14 day deadline in Rule 33(b)(2) was not applicable because the excluded testimony was newly discovered evidence subject to the three year deadline for filing a motion for new trial in Rule 33(b)(1). *See* FED. R. CRIM. P. 33(b)(1) ("Any motion for new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."). However, the testimony of Mr. Fox is not "newly discovered evidence" under Rule 33(b)(1) because this testimony was not unknown to defendants at the time of trial. *See United States v. Erwin*, 277 F.3d 727, 732 (5th Cir. 2001) (holding that to justify a new trial on the ground of newly discovered evidence, a defendant must demonstrate that "the evidence is newly discovered and was unknown to the defendant at the time of trial"). Testimony that was known to the Defendants but excluded by the Court is not "newly discovered evidence" under Rule 33(b)(1). Accordingly, the fourteen day deadline in Rule 33(b)(2), not the three year deadline in Rule 33(b)(1), applies to Defendants' motion for new trail based on the Court's exclusion of the testimony of Mr. Fox.

The jury returned the verdict on July 7, 2011.[20] Defendants, however, did not file their motion for new trial until six weeks later, on August 19, 2011.[21] Accordingly, Defendants' motion for new trial was untimely under Rule 33(b)(2). Rule 45(b)(1)(B), nevertheless, permits the court to extend the time for filing a motion for new trial "after the time expires if the party

---

[20] Jury Verdict, Dkt. No. 57.
[21] Dkt. Nos. 64, 65, 66, and 67.

failed to act because of excusable neglect." FED. R. CRIM. P. 45(b)(1)(B). However, the Defendants made no attempt, either in their motion or at the hearing, to demonstrate that their motion for new trial was untimely because of excusable neglect. In fact, the Defendants argued at the hearing that they had not filed a motion for new trial and did not want the documents filed on August 19, 2011 to be construed as a motion for new trial. Based on this record, the Court does not believe that the untimeliness of Defendants' motion for new trial was the result of excusable neglect. Accordingly, Defendants' motion for new trial is DENIED as untimely under Rule 33(b)(2).

## 2. The Defendants Made No Offer of Proof as to the Substance of the Excluded Testimony

Second, Defendants' motion for new trial fails because neither defendant made any attempt, either at trial or at the hearing on the motion for new trial, to make an offer of proof as to the substance of the excluded testimony of Mr. Fox. Federal Rule of Evidence 103 provides that "[e]rror may not be predicated upon a ruling" excluding evidence unless "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." FED. R.. EVID. 103(a)(2). Fifth Circuit precedent is clear that, to challenge a trial court's exclusion of evidence, the issue must be preserved for appeal by making an offer of proof on the record. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040-41 (5th Cir. 1999) ("Appellants failed to proffer any of the expert witness testimony or the expert witness reports into the record. Without such proffers indicating what testimony the experts would have provided, Appellants cannot demonstrate that the district court's exclusion of the testimony affected their substantial rights."); *Petty v. Ideco, Div. of Dresser Indsutries, Inc.*, 761 F.2d 1146, 1151 (5th Cir. 1985) ("Where no offer of proof appears of record, there is no way that

a party can demonstrate that his substantial rights have been affected."), overruled on other grounds by *Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989).

Despite Defendants' failure to make an offer of proof as to the substance of the excluded testimony of Mr. Fox at trial, the Court provided the Defendants with another chance to make such an offer of proof, to demonstrate that the excluded testimony was relevant, and to preserve their right to appeal. In fact, the Court issued two separate orders directing the Defendants that they would be allowed to make a belated offer of proof as to the excluded testimony of Mr. Fox at the hearing on the motion for new trial.[22] Defendants, however, chose not to bring Mr. Fox to testify at the hearing or to make an offer of proof in any way as to the substance or relevance of Mr. Fox's excluded testimony.[23] When questioned by the Court about Mr. Fox's whereabouts at the hearing on September 13, 2011, the Defendants indicated that Mr. Fox had been present on the Courthouse premises shortly before the hearing, but that the Defendants had chosen not to make Mr. Fox available at the hearing "for strategic reasons."[24] While a formal offer of proof is not necessary, there must be some offer of proof in order for the Defendants to complain of the Court's exclusion of the evidence. *See United States v. Kay*, 513, F.3d 432, 455-56 (5th Cir. 2007). Mr. Patton stated at the hearing that the testimony of Mr. Fox was relevant to the issue of intent. However, neither defendant offered proof as to the substance of Mr. Fox's expected

---

[22] *See* Order Dated August 25, 2011, Dkt. No. 70 ("The Defendants are directed that, should they wish to provide an offer of proof as to the substance of the excluded testimony of Robert James Fox in order to preserve their right to appeal, they should subpoena Mr. Fox and have him present at the hearing on the motions for new trial"); Order Dated September 8, 2011, Dkt. No. 77 ("Defendants will also be allowed to present the testimony of Robert James Fox at the hearing, should they wish to provide any additional testimony of Mr. Fox not covered by his affidavit. As explained in the Court's previous order, should Defendants wish to make an offer of proof as to the substance of the excluded testimony of Mr. Fox, they should subpoena Mr. Fox and have him present at the hearing on September 13, 2011.").
[23] *See* Audio Tape of Hearing on September 13, 2011 (Defendants acknowledge that Mr. Fox was present on the Courthouse premises before the hearing but that the Defendants chose, for strategic reasons, not to have Mr. Fox testify at the hearing).
[24] *Id.*

testimony or how that testimony would have been relevant to the issue of intent. Accordingly, despite multiple attempts by the Court to have Defendants make an offer of proof as to the substance of Mr. Fox's excluded testimony, the Defendants wholly failed to do so. The fact that the Defendants appeared *pro se* at the trial and at the hearing on the motion for new trial does not excuse their failure to make an offer of proof. *See Badami v. Flood*, 214 F.3d 994, 999 (8th Cir. 2000) ("On appeal Mrs. Badami request that, as she tried the case *pro se*, we forgive her procedural error. While we are mindful of the difficulties faced by *pro se* litigants, we must decline. Absent a record of the proffered evidence and the trial court's reasons for excluding it, meaningful appellate review is virtually impossible.").

Because of the Defendants' failure to make an offer of proof as to the substance of Mr. Fox's excluded testimony, the Court has no way to determine whether the excluded testimony of Mr. Fox would have been relevant and whether the exclusion of that testimony violated the Defendants' Constitutional rights. Defendants' motion for new trial based on the exclusion of Mr. Fox's testimony, therefore, is DENIED.

## C. Motion for New Trial based on Denial of Counsel

Finally, the Defendants argued at the hearing on the motion for new trial that they were denied their Sixth Amendment Right to assistance of counsel. However, the record is abundantly clear that: (1) Defendants were given the opportunity to obtain their own counsel and failed to do so, even after the Court granted a continuance to allow them to obtain counsel;[25](2) the Defendants failed to complete the required financial affidavits to prove indigency and have

---

[25] *See* Order Dated June 3, 2011, Dkt. No. 20 (Granting the Defendants' first motion to continue the trial); Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 12:5-17, (Defendants indicated that they were not ready to proceed because they had still not retained counsel. The Court declined to postpone the trial for a second time, finding that the Defendants were using their failure to obtain counsel as a dilatory tactic).

counsel appointed, despite the fact that the necessary affidavits were provided to them by the Court;[26] and (3) the Defendants repeatedly refused the Court's offers to appoint stand-by counsel, despite the fact that the Court had competent counsel present and willing to act as stand-by counsel before jury selection on July 5, 2011.[27]

The crux of Defendants' argument that they were denied the assistance of counsel appears to be the fact that the Court refused to allow Mr. Fox to serve as their counsel at trial. During one of the pretrial hearings, Defendants indicated that they wanted Mr. Fox to serve as their trial counsel.[28] Because the Court is aware that Mr. Fox is not a licensed attorney, Defendants' request to have Mr. Fox serve as their attorney was denied.[29] "There is no sixth amendment right to be represented by a non-attorney." *United States v. Anderson*, 577 F.2d 258,

---

[26] *See* Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 18:17-14 (Mr. Patton indicated in response to a question from the Court that he would "consider the possibility" of filling out the necessary paperwork to prove indigency and have counsel appointed); Audio Tape of Final Pre-Trial Hearing before Voir Dire, July 5, 2011 (Defendants objected to the fact that they did not have assistance of counsel. The Court reminded them of the conversation at the last pre-trial hearing where the Court made it clear that to have counsel appointed, they would need to fill out the financial affidavits swearing to their indigency. The Court then asked the Defendants whether they had completed the financial affidavits. Mr. Patton stated: "We are not necessarily indigent, and no I didn't."); see also Order Dated July 5, 2011, Dkt. No. 49 at 1 n.1.

[27] *See* Transcript of Pretrial Hearing on June 1, 2011, Dkt. No. 24 at 13:4-14:5 and 17:22-18:13 (both Defendants objected to the Court's attempt to appoint stand-by counsel and stated on the record that they did not want stand-by counsel despite the Court's strong recommendation that they accept stand-by counsel, stating : "we would proceed into the case being unrepresented" and "representation is for the corporation"); Transcript of Pretrial Hearing on June 16, 2011, Dkt. No. 37 at 13:12-14:6 (Defendants stated that they did not want counsel appointed and intended to retain their own counsel); Audio Tape of Final Pre-Trial Hearing before Voir Dire, July 5, 2011 (In addressing the Defendants' request that they have an "English interpreter" appointed, the Court offered to appoint stand-by counsel for each Defendant. "The Court has available two lawyers—at least two lawyers—that the Court will appoint as stand-by counsel, who are well known to the Court that are qualified to appear and practice in the United States District Court for the Eastern District of Texas. Do you want me to appoint stand-by counsel, or do you not?" The Defendants again refused the appointment of stand-by counsel); *See also* Order Dated July 5, 2011, Dkt. No. 49 at 1-3 (memorializing the Court's rulings at the hearing on July 5, 2011).

[28] *See* Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 13:17-16:2 (Defendants requested that Mr. Fox be allowed to serve as their counsel, and the Court declined because Mr. Fox is not a licensed attorney).

[29] *Id.* Not only is Mr. Fox not a licensed attorney, the Court takes judicial notice of the fact that Mr. Fox has been a vexatious litigant in this and other district courts. *See Robert Fox v. City of Jacksonville, Texas*, Case No. 2:10-cv-158-TJW-CE, Dkt. Nos. 51 (E.D. Tex. June 13, 2011) (noting that Mr. Fox has been engaged in "a pattern of frivolous lawsuits brought by [Mr. Fox] against various cities, public officials, United States Attorneys and the United States District Judges") (quoting *Fox v. Pope*, No. 300CV2537R, 2001 WL 167913 (N.D. Tex. Jan. 19, 2001)), the Report and Recommendation was adopted as the conclusions of the Court in Dkt. No. 56, Case No. 2:10-cv-158-TJW-CE (E.D. Tex. July 21, 2011).

261 (5th Cir. 1978) (citing *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978)). "A defendant may either represent himself or he may have an attorney. That is all the sixth amendment requires." *Id*. Accordingly, the Court's refusal to allow Mr. Fox, who is not a licensed attorney, to serve as Defendants' counsel did not violate the Defendants' Sixth Amendment rights, and their motion for a new trial on this ground is DENIED.

To the extent that Defendants argue that the Court's refusal to postpone the trial a second time when Defendants still had not obtained counsel[30] resulted in a denial of their Sixth Amendment right to counsel, the Court DENIES their motion for new trial on this ground as well. Numerous circuit courts have held that, when a defendant repeatedly fails to secure counsel of his or her choice through dilatory conduct, the court may deny an additional continuance for the purpose of securing counsel even if it results in the defendant's being unrepresented at trial. *See United States v. Klem*, 827 F.2d 1319 (9th Cir. 1987), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007); *United States v. Gallop*, 838 F.2d 105 (4th Cir. 1988); *United States v. Kneeland*, 148 F.3d 6 (1st Cir. 1998). "The constitutional right of a criminal defendant to choose his own attorney . . . is limited to the 'fair opportunity' to obtain counsel of his choice." *Klem*, 827 F.2d at 1322 (quoting *Powell v. Alabama*, 287 F.2d 934, 938 (9th Cir. 1986)); *see also United States v. Gallop*, 838 F.2d 105, 107 (D.C. Cir. 1988) ("An essential element of the Sixth Amendment's protection of right to counsel is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing") (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). The right to counsel may not

---

[30] *See* Order Dated June 3, 2011, Dkt. No. 20 (Granting the Defendants' first motion to continue the trial); Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 12:5-17, (Defendants indicated that they were not ready to proceed because they had still not retained counsel. The Court declined to postpone the trial for a second time, finding that the Defendants were using their failure to obtain counsel as a dilatory tactic).

obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice. *Sampley v. Attorney General of North Carolina*, 786 F.2d 610, 612-13 (4th Cir.1986), *cert. denied*, 478 U.S. 1008 (1986); *United States v. Bragan*, 499 F.2d 1376, 1379 (4th Cir.1974). "[A] court must be wary against the 'right of counsel' being used as a ploy to gain time or effect delay." *Klem*, 827 F.2d at 1322. Accordingly, a court may deny a continuance, even if it results in the defendant being unrepresented at trial, if the defendant's conduct is "'dilatory and hinders the efficient administration of justice.'" *Id.* (quoting *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir.1979)). In the present case, the Court had already granted Defendants one continuance to obtain counsel.[31] Additionally, the arguments raised by Defendants as to why they had not yet obtained counsel made it clear to the Court that they were, and intended to continue, using their failure to obtain counsel as a tactic to delay trial. For example, Mr. Patton indicated that he intended to delay obtaining counsel indefinitely:

> And it is an issue of – of gaining the trust and confidence of the other party . . . So whoever provides us with counsel, we have got to know them, they have got to know us. It takes time to develop that character, that trust. . . . But I know that, you know, attorneys are there in business making money, but how much are they interested in me? How much are they interested in trying to follow my case the way I understand it? Defend me the way that I want to be defended? That is not an easy issue. It takes time to develop that trust and that confidence . . .[32]

Mr. Patton also stated:

> But we have the right to qualify an attorney. And I don't want the attorney to do anything until I establish trust and confidence in him, and he, likewise, in us. And he will make no motions, pleadings or filings until I, by my signature, until written permission from me is given. We're the – we're the superior party in that relationship. He will not be given unlimited power of authority to represent Brother T or Mimi. He has no authority to do anything until I establish

---

[31] *See* Dated June 3, 2011, Dkt. No. 20 (Granting the Defendants' first motion to continue the trial).
[32] Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at12:20-13:13.

limitations on his authority in a written contract. But yes, I will qualify an attorney, but I need time with that attorney. It can't be done overnight, it just can't.[33]

The record is clear that: (1) Defendants failed to obtain counsel despite the continuance to allow them to do so; (2) Defendants intended to draw out the process of obtaining counsel for as long as possible; and (3) and Defendants apparently had little intention of obtaining qualified counsel based on their repeated requests to have a non-attorney act as their counsel.[34] It bears mention that the Speedy Trial Act generally requires that trial be held within 70 days from the first appearance. 18 U.S.C. § 3161(c)(1). Accordingly, the Court found that the Defendants were dilatory in their attempts to obtain counsel and strategically used their lack of counsel as an attempt to delay trial indefinitely:

> As I just said on the record, sir, you have had since April the 26th to retain counsel and so you have - - I am not saying you waived your right to counsel, but you have not sought – you have not got counsel, you are using this as a dilatory tactic to delay the trial after you have specifically requested me at the last hearing to speed this matter up.[35] I have not changed the schedule. It is the same schedule I gave you, and we're going to trial on July the 5th.[36]

The Court, therefore, was justified in refusing to further delay the trial, and Defendants' motion for new trial on this ground is DENIED.

### D. Additional Arguments

The Defendants make several other specious arguments in their motion for new trial and supporting affidavits. *See* Dkt. Nos. 64, 65, 66, 67, and 78. The Court has carefully considered all of the arguments offered by the Defendants, the evidence presented, and the applicable law, and finds that none of the arguments justifies granting Defendants a new trial.

---

[33] Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 18:25-19:13.

[34] Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 13:17-16:2.

[35] *See* Transcript of Pretrial Hearing on June 16, 2011, Dkt. No. 37 at 12:16-13:11 (Defendants told the Court that they did not see the need for another continuance and wanted to "speed this process through").

[36] Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 12:8-17.

For example, the Defendants argue that the jury was prejudiced by the fact that Mr. Fox was escorted into the courtroom by a court security officer. However, the Court notes that the vast majority of witnesses appearing at trial in this Court are escorted in and out of the courtroom by a court security officer. Mr. Fox was not singled out for special treatment.

Additionally, Defendants argue that Mr. Fox was denied entry into the courthouse on at least one occasion to view the trial. Mr. Fox was refused entry into the courthouse because he refused to comply with security procedures put in place by the U.S. Marshals' Service that all individuals who want into the courthouse must provide a valid government ID. Mr. Fox refused to provide a valid government ID, and the Security Officers did not let him in. The Court does not set the security protocol for the courthouse. That task falls to the United States Marshals' Service, and the Court does not interfere with that security protocol.[37] The Court notes, however, that when Mr. Fox presented a subpoena to testify at trial, he was admitted into the courthouse for that purpose. However, Mr. Fox was not allowed into the courtroom prior to his testimony because the Rule had been invoked.[38]

## III. Conclusion

For the reasons discussed above, the Court DENIES Defendants' motion for new trial.

SIGNED this 16th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[37] *See* Transcript of Pretrial Hearing on June 27, 2011, Dkt. No. 38 at 5:14-6:4 and 13:17-14:2.
[38] *See* FED. R. EVID. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion.")